# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAL WILLIAM GOODWIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>D. SHINN, Warden,<br><br>　　　　Respondent. | Case No. CV 16-2432 GW(AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## BACKGROUND

On April 8, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner is incarcerated at the United States Penitentiary in Victorville, California, serving a sentence of 151 months for a February 2011 conviction of bank robbery he sustained in the United States District Court for the District of Kansas. *See United States v. Goodwin*, Case No. 6:10-cr-10083-EFM-1 (D. Kan.).[1] Petitioner is challenging a sentence enhancement based on his prior conviction for second-degree burglary.

---

[1] The Court takes judicial notice of the docket from petitioner's criminal case. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

On May 18, 2016, respondent filed a Motion to Dismiss the Petition for lack of subject matter jurisdiction. Petitioner did not file an Opposition within the allotted time or seek an extension of time to do so.

Petitioner had previously challenged the legality of his sentence via a motion under 28 U.S.C. § 2255 in the sentencing court. It was denied in August 2011. Four years later, the United States Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the imposition of an increased sentence based on a prior violent felony conviction, under the residual clause of the Armed Career Criminal Act, violates due process. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court recently held that *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. The instant Petition seeks relief under *Johnson*.

Shortly after he filed the instant Petition, petitioner sought authorization from the Tenth Circuit Court of Appeals to file a successive § 2255 motion in the sentencing court based on *Johnson*. On May 13, 2016, the Tenth Circuit granted petitioner authorization to file a successive § 2255 motion in order to raise a claim for habeas relief based on *Johnson*, and appointed counsel for him. On May 18, 2016, petitioner's counsel filed a § 2255 motion to vacate his sentence in the United States District Court for the District of Kansas. The motion is still pending.

As discussed below, the instant Petition must be summarily dismissed for lack of subject matter jurisdiction because a motion to contest the legality of a sentence generally must be filed in the sentencing court pursuant to § 2255, and the narrow exception to the general rule does not apply. Moreover, it is unnecessary to transfer this action because petitioner has a pending action in the sentencing court based on the same facts.

///
///
///

## DISCUSSION

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (*quoting* 28 U.S.C. § 2255). "We refer to this section of § 2255 as the 'savings clause,' or the 'escape hatch.'" *Id.* (citation omitted).

A § 2241 petition may be brought under § 2255's "savings clause" when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *See Harrison*, 519 F.3d at 959; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Further, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998) -- i.e., the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Stephens*, 464 F.3d at 898 (*citing Bousley*, 523 U.S. at 623); *see also Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

Neither requirement for application of the savings clause has been satisfied in this case. Petitioner has not made a claim of actual innocence, but is challenging his sentence enhancement. The Ninth Circuit has held that a challenge to a noncapital sentence enhancement does not raise a cognizable claim of actual innocence for purposes of the savings clause. *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). In *Marrero*, the Ninth Circuit reasoned that the actual innocence exception did not apply because the petitioner, who was challenging his classification as a career offender under the Sentencing Guidelines, was raising

"purely a legal claim that has nothing to do with factual innocence." Here, petitioner also is raising purely a legal claim that has nothing to do with factual innocence, based on his classification as a career offender under the Sentencing Guidelines.

Nor has petitioner satisfied the requirement of not having had an unobstructed procedural shot at presenting his claim. In light of the fact that the Tenth Circuit has granted him authorization to file a successive § 2255 motion in the sentencing court, petitioner cannot argue that he will never get an opportunity to present his *Johnson* claim. *Cf. Stephens*, 464 F.3d at 898 (petitioner did not have an unobstructed procedural shot where claim based on recent legal authority did not satisfy criteria for a successive § 2255 motion, thereby foreclosing his ability to ever raise the claim).

The only remaining question is whether this action should be transferred to any other court in which the action could have been brought. *See* 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.* Here, the interests of justice would not be served by transferring this action to any other court because petitioner already has a pending § 2255 motion in the sentencing court based on *Johnson*. *See Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986) (district court did not err in failing to transfer action under § 1631 to district court where petitioner already had a pending action arising from the same incidents).

///
///
///

**ORDER**

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction.

DATED: January 10, 2017

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Alexander F. MacKinnon
United States Magistrate Judge